

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
ROCHESTER REGIONAL OFFICE



December 10, 2015

*Via mail and facsimile to: (585) 613-4325*

Hon. Elizabeth A. Wolford
United States District Court Judge
Western District of New York
100 State Street,
Rochester, New York 14614-1309

    Re:   *Abreu v. Farley, et al.*, 11-CV-6251

Dear Judge Wolford:

    Per the Court's Order at the conference held December 8, 2015, I have spoken with various security personnel at Plaintiff's current facility about storing legal material in SHU cells and the process for switching out property bags.

    Under Directives 4933, 4913 and 4911, legal papers on active cases are permitted to the extent they do not constitute a fire hazard. Staff noted that legal bags contain up to 100 pounds of paperwork. A standard ream of office paper weighs approximately 5 pounds, so each bag contains approximately 20 reams or 10,000 sheets of paper. I spoke with Timothy Brockway, the fire safety officer at Great Meadow. Mr. Brockway is a state-certified fire instructor and is a captain at the Fort Edwards Fire Dept., with 30 years' experience in fire service. He informed me that, in his professional opinion, more than 10,000 pages in the small area of an SHU cell would constitute a serious fire hazard. He noted that the fuel load of 10,000 sheets of paper is significant, and that if there were a fire, that much paper would create a situation endangering not only Mr. Abreu but the inmates in the cells around him and staff tasked with fire rescue. Mr. Brockway was skeptical that an inmate would escape serious injury - even with an excellent response time - if a fire began in an SHU cell with 20,000 or 30,000 sheets of paper in it. He further noted that inmates start two to three fires a year in the Great Meadow SHU (generally via smuggled matches or other contraband) and that on rare occasions electrical or other accidental fires can occur. He strongly recommended against Plaintiff having more than one bag of legal papers at one time.

    I spoke with security personnel at other facilities, and they agreed with Mr. Brockway's assessment, that the fire safety officer would make a determination on a case-by case basis, based on the same criteria Mr. Brockway listed. For instance, James Brauer, fire safety officer at Wende CF and volunteer firefighter since 1983, said his recommendation would have been an absolute maximum of one property bag of legal paper in an SHU cell, for the same reasons articulated by Mr. Brockway.

Accordingly, the facility strongly opposes Mr. Abreu having more than one bag of legal papers in his cell. Counsel further notes that, as neither Great Meadow nor DOCCS are parties to the instant litigation(s), the Court does not have jurisdiction over them to order additional bags be placed in the cell.[1] Nevertheless, Defendants and DOCCS are eager to provide assistance in moving the case forward and accordingly will provide the following:

1) All of Plaintiff's 27 bags will be labeled as to the cases to which they relate to ensure Plaintiff receives only relevant paperwork. Upon information and belief, staff at Great Meadow has already put considerable time and effort into doing this.
2) Plaintiff may, upon written submission to the Deputy Superintendent for Security, switch out any bag for any other bag, provided he signs for the new bag.
3) Plaintiff's requests to switch out a bag will be stamped upon receipt. The new bag will be provided by the close of the next business day. (A new bag cannot be provided on weekends or holidays as the property room is not staffed on such dates.)
4) All Plaintiff's requests to switch out bags and the response times will be logged, recording each time a bag change is requested, how long the replacement took, and whether Plaintiff signed for the new bag.

Counsel notes that the idea of storing the remaining bags of legal property in an empty cell adjacent to Plaintiff was ultimately rejected, for two reasons. First, Great Meadow frequently is at capacity, and empty cells generally do not remain empty for long. Additionally, as Plaintiff has 27 total legal bags, preparing the cell for an incoming inmate would require removing approximately 1.3 tons of material and finding a place to store it on short notice. Second, empty cells are frequently subject to maintenance, and having the cell filled with papers would make maintenance difficult to impossible, and if maintenance were done, there is a distinct possibility the papers could be damaged.

It is counsel's belief that because Plaintiff's access will be logged and recorded, all issues pertaining to Plaintiff's access to documents and his ability to respond to his attorney's requests will be resolved in a manner that does not endanger Plaintiff or any other inmates or staff.

Respectfully submitted,

HILLEL DEUTSCH
Assistant Attorney General

HD:sh
cc: Richard A. McGuirk, Esq.

---

[1] Fed. R. Civ. P. 65(d). See, e.g., Marshall v. Nat'l Ass'n of Letter Carriers BR36, 2003 U.S. Dist. LEXIS 15974, *4 (S.D.N.Y. Sept. 15, 2003) (finding frivolous a motion for an injunction against a non-part agency, noting "the Court cannot grant a preliminary injunction against parties not before the Court.") Accord Applewhite v. McGinnis, 2007 U.S. Dist. LEXIS 24155, *6 (W.D.N.Y. Mar. 31, 2007)(denying injunction against facility where neither facility not officers to be enjoined were parties.)