UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------x

CARLOS ABREU
# 99A3027
Plaintiff

VS

BROWN ETAL

Defendants

------------------------x

MOTION TO RECUSE

6:14-cv-06599
EAW

CARLOS ABREU the Plaintiff in this Case/Action the which he is litigates this action Prose moves this Honorable Court to disqualify the Honorable United States Judge Elizabeth A. Wolford from presiding over any proceedings in this cause.

IN SUPPORT OF this Motion the Plaintiff he is attached/enclosed the Brief Statement of Facts in support of his Motion to Recuse such as a Declaration or Affidavit the which will to support his Request.

1) That the appearance of propriety would support the recusal of the Hon. Elizabeth A. Wolford United States Judge from presiding over any proceedings in this cause

WHEREFORE CARLOS ABREU moves this Hon. Court to enter an order recusing Hon Wolford US Judge from presiding over any proceeding over above caption cause
#(1)  Respectfully submitted Carlos Abreu

DECLARATION/AFFIDAVIT IN SUPPORT OF FOR MOTION TO RECUSE

BRIEF STATEMENT OF FACTS

I filed a 42 U.S.C. § 1983 complaint in the United States District Court, Western District of New York, challenging the conditions of my confinement in the DOCCS Prison Special Housing United (hereinafter, SHU) in the Wende Correctional Facility, and I challenged Prison Officials Misconduct for abuses against me, which have placed my rights of safety, well being, health, care, welfare and life in imminent danger.

I filed two (2) complaints in the Western District Court (see, Abreu v. Hamilton, et al, and Abreu v. Brown, et al, and both cases were consolidated in one case in Abreu v. Brown, et al, Docket Number 6:14 – c.v. – 06599 – EAW. The cases were originally assigned to the Honorable Judge Siragusa, and were then passed/assigned to a new appointed Federal Judge, the Honorable Elizabeth A. Wolford, who was an ex-attorney in Rochester, New York.

Judge Wolford ordered me to amend my complaints in Abreu v. Hamilton, et al, and Abreu v. Brown, et al, into one (1) case/complaint - Abreu v. Brown, et al, under Docket Number 14 – c.v. – 6599. However, I was transferred to the Sullivan Correctional Facility SHU. While there, Administration confiscated all of my legal materials/papers and legal books, making me unable to amend my complaints, as ordered by the Court.

As a result, I wrote to Judge Wolford and explained my problems. I therein asked that I be provided with copies of my complaints, where the Judge sent me the requested copies of my complaints and relevant exhibits, and extender the time to amend the complaints. However, Sullivan Administration/DOCCS – Albany began denying me writing paper, carbon paper, envelopes, etc., and halted my ability to obtain copies and legal postage, thereby limiting my access to the Courts to five (5) free legal postage allowances per week.

I again wrote to Judge Wolford and explained the problems stated above, and my inability to amend my complaints as ordered, due to Prison Officials and DOCCS Authorities misconduct against me. I asked the Judge to assign me pro bono legal representation in order to assist me in amending my complaints. Complaints which asked whether Judge Siragusa in my complaint Abreu v. Farley, et al, 11- c.v. - 6251, which was consolidated with Abreu v. Countryman, et al, and where Judge Siragusa assigned me five (5) pro bon attorneys to amend the complaints and represent me in the actions.

First, my English language skills are very limited, poor and unadvanced, an individual with extremely limited English proficiency (LEP) under Title V of the Civil Rights Act of 1964 (see, Title V, 42 U.S.C. § 20008), and under the Omnibus Crime Control and Safe Streets Act of 1968 (see, Safe Streets Act, § 3789[a] [c]

[1]; also see, N.Y. Executive Law Article 15; Human Rights Law; New York State Executive Order # 26 [Statewide Language Access Services to LEP Individuals]).

My SHU confinement and my limitations to attend the law library in conjunction with DOCCS and Prison Officials' misconduct against me, persuaded Judge Siragusa to assign me and appoint me pro bono legal representation. Judge Siragusa knew perfectly well that, without pro bono attorneys, I will be unable to research, perfect and draft a proper or adequate amended compliant and meaningful access to the Courts.

However, Judge Wolford denied my request of the assignment of pro bono legal assistance, and only extended the deadline to perfect and file the amended complaint. Additionally, the case/action of <u>Abreu v. Farley, et al</u>, 11- c.v. – 6251, was assigned to Judge Wolford, however I have a similar problem because I do not have any of my legal papers/documents, and I was unable to assist my assigned pro bono legal counsel. As a result, my counsel contacted the Facility Administration and the Office of the Attorney General, along with Mr. Deutsch who confirmed that Prison Officials confiscated my legal papers/documents. I had 24 bags of legal papers/documents, but the only agreed to allow me 5 bags and, when needed, an additional 5 bags every Saturday.

This inadequate process literally took months because SHU staff conducted regular cell searches everyday [or every two or three days], so every time I put my

legal papers/documents in some kind of organized usable order, then exchange bags, was all very complicated and frustrating and extremely difficult. It made it very hard to help/assist my legal counsel in perfecting and drafting the amended complaint. The process of exchanging and going through the numerous bags of legal papers/documents was very time consuming not to mention, very unproductive.

As stated above, I was unable to effectively assist my lawyers in the perfection and drafting of the amended complaint. And, because of the intentional misconduct of Prison Officials searching and the finding of missing items, even things my attorney sent me in support of my case.

I was also scheduled for two (2) hand surgeries and a colonoscopy. In July 2015, hand surgery for carpal tunnel syndrome was conducted on my right hand, and I was immobilized for six (6) weeks, one month and fifteen days, with a further four weeks of physical therapy, an entire month. As a result, I was unable to do any legal work or organize my papers/documents, let alone assist my attorney in perfecting the amended complaint. It was nearly impossible for me to look through bags and exchange bags to find legal papers/documents needed to assist my attorneys in responding and opposing the Respondent/Defendant's i.e., Attorney General, DOCCS, Prison Officials' summary judgment and so I can complete my amended complaint.

My counsels' called me each week the Attorney General's Office and my counsel learned of the problems. My pro bono counsel then advised the Honorable Judge Wolford on October 9, 2015, in a letter of 2 pages. Judge Wolford then ordered them to make two orders to stay the scheduled deadline, and set-up a scheduled videoconference for December 8, 2015, for the cases/actions in Abreu v. Farley, et al, 11- c.v. – 6251, and Abreu v. Brown, et al, under Docket Number 14 – c.v. – 6599, the Sullivan Correctional Facility Administration and DOCCS Authorities immediately stopped each/all of my outgoing legal mail for 3 to 4 weeks, and transferred me to the Great Meadow Correctional Facility on October 15, 2015.

Here, all of my 27 bags of legal work/papers/books/materials were confiscated. The same limitations of five free legal postages a week was ordered by DOCCS. Additionally, I was halted in all legal copies from the Law Library and all advanced legal mail postages. This facility was doing the same things as Sullivan Correctional Facility, i.e., denying writing paper, envelopes, carbon paper and implemented severe limitations on legal supplies. They also limited me to 1 bag of legal work/papers/books/materials.

My grievance complaints did not help, because the orders were from DOCCS Central Office in Albany and DOCCS Commissioner Annucci and their Counsel's Office, and they are effectively immune from grievance complaints. On

December 8, 2015, and on January 2, 2016, Judge Wolford conducted two videoconferences with my assigned attorneys and the Attorney General Assistant Mr. Deutsch and me. I explained the problems to the Judge, however, she refused to provide any assistance and refused to order DOCCS Commissioner Annucci and Counsel's Office to provide me with my legal work/materials and any legal supplies, along with sufficient legal postage allotments.

I was effectively hampered from any possibility of drafting my amended complaints and curtailed from access to the Court. Additionally, there was no way for me to assist my counsel in the summary judgment motions in <u>Abreu v. Farley</u>, <u>et al</u>, 11- c.v. – 6251, and <u>Abreu v. Brown</u>, <u>et al</u>, under Docket Number 14 – c.v. – 6599 EAW. This is a result of the Prison Officials at the Great Meadow Correctional Facility confiscating all of my legal papers. Obviously, the Judge is Pro Defendant and is ruling in their favor, when it is well known that a judge is supposed to act in a neutral manner with both parties in any litigation.

Again, I am being denied any opportunity to effectively assist my attorneys. The Judge issued 2 orders, 1 a deadline of 6 months (from January 2016 to June 2016, to amend my complaints [or] my pro bono attorneys will be dismissed, and 6 months for my attorneys to respond to the Defendant's summary judgment motion. I filed motions for reconsiderations of the Judge's orders, but she denied my motions and will not consider my letters, showing her judicial misconduct .

It is now the month of June 2016, and I am unable to filed my amended complaints, because (1) The Facility continues denying me any reasonable accommodations to access my legal work. (2) The Prison Officials continue to confiscate my legal work, and now even refuses to provide the one-bag limit, and continues to enforce limitations of legal postage and legal copies for an entire year. (3) And continues in denying me writing paper, envelopes, carbon paper, etc.

Other inmates do try to help me, but even they are severely limited in the amount of supplies they receive and the amount they can help me with. I sent Judge Wolford a notarized assistant written confirming all of the above and an explanation. However, the Judge will not even consider such affidavits, and has refused to consider my proofs and evidences, and exhibits that I sent to her in December 2015 challenges to the letters of the Attorney General's Office denying that I was curtailed in my efforts and refutes my problems in the Sullivan Correctional Facility SHU with Correction Officers, Administrators and DOCCS in Albany, and denies and refutes the same at the Great Meadow Correctional Facility, i.e. prison staff and administration misconduct and DOCCS's orders against me and my efforts.

My counsels have been unable to complete the response to the summary judgment motion. Judge Wolford's misconduct against me in a non-neutral fashion, is being unfair, arbitrary and capricious favoritism in the Defendants

behalf, and should be consider in all respects serious judicial misconduct. I hereby request the assignment of another neutral, fair and unbiased Judge.

WHEREFORE CARLOS ABREU/PLAINTIFF RESPECTFULLY MOVES THIS HONORABLE COURT TO ENTER AN ORDER RECUSING HONORABLE ELIZABETH A WOLFORD, UNITED STATES JUDGE FROM PRESIDING OVER ANY PROCEEDING IN THE ABOVE-CAPTIONED CAUSE.

RESPECTFULLY SUBMITTED

DATED: 6/6/2006
COMSTOCK NEW YORK

CARLOS ABREU

PS FOR THE FOREGOING REASONS, THE COURT SHOULD GRANT THE PLAINTIFF'S MOTION IN ALL RESPECTS. SEE eg U.S V. Civella Case NO 91-0081-01-CR-W-O WESTERN DISTRICT OF MISSOURI./WEST'S KEY NO.11 Digest, Judge key 51 PURSUANT TO 28 U.S.C § 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON 6/06/2016

CARLOS ABREU
PLAINTIFF - PRO SE

TO: Clerk of the Court
United States District Court
Western District of New York
100 State Street
Rochester, N.Y. 14614

FROM: Carlos Abreu
\# 99A3027
Great Meadow C.F.
Box 51
Comstock, N.Y. 12821-0051

Date: 6/06/2016

Re: Motion to Recuse
Subject: Abreu v. Brown et al
6:14-cv-06599 EAW

Dear Hon. Clerk:

Please find enclosed my motion to Recuse along with the Affidavit/Declaration/Statement in support of motion to Recuse. Please process my motion and supporting papers and present my motion to the court.

I thank you in advance for your time, help & assistance in this matter.

Sincerely,
Carlos Abreu

c/file