UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

——— + ——— / ——— / ——— ←———

CARLOS ABREU # 99A3027,

        Plaintiff,

         Against

BROWN, etol

     Defendants

PLAINTIFF'S OPPOSITION
TO DEFENDANTS MOTION
TO REVOKE IFP

6:14- CV-06599 EAW

——— + ——— ←——— ←——— →———

CARLOS ABREU # 99A3027 (PLAINTIFF OR MR ABREU)
PURSUANT TO 28 USC § 1746 DECLARES UNDER PENALTY
OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF
AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

1) I AM AN INMATE INCARCERATED AT MARCY CORR FAC
UNDER THE NEW YORK STATE DEPORTMENT OF CORRECTIONAL
AND COMMUNITY SUPERVISION (N.Y. DOCCS)

2) I AM THE PLAINTIFF MR ABREU IN THIS ACTION
I AM SUBMITTED THIS OPPOSITION - MOTION TO THE
DEFENDANTS MOTION FOR TO REVOKE THE IN FORMAL
POUPERIS (IFP) STATUS GRANTED IN THIS COURT IN
THE ACTIONS ABREU V BROWN etol AND ABREU
V HAMILTON etol, CONSOLIDATED WITH ABREU V BROWN
IN THE YEAR 2015.

3) ON MARCH 19 2018 DEFENDANTS ATTORNEY MR HILLEL
DEUTSCH, HE FILED A MALICIOUS AND IN BAD FAITH
MOTION FOR TO REVOKE MR ABREU IFP STATUS FOR
TRY TO DELAY THIS CASE THAT HAS ALREADY BE DELAYED
FOR NEARLY FOUR TO FIVE YEARS SINCE 2014-2015.

4) MR HILLEL DEUTSCH HAVE ALLEGED IN HIS AFFIRMATION
OR MEMORANDUM OF LAW THAT MR ABREU HAS LONG BEEN
BARRED FROM BRINING LAWSUITS AS A PAUPER UNDER THE

# (1)

Three strikes provision of 28 USC § 1915(g), Due to his extensive history of frivolous lawsuits.

5) Plaintiff Abreu opposite to this false statement of Defendants Deutsch, Plaintiff Abreu don't have any extensive history of frivolous lawsuits. Mr Abreu get 3 strikes based in two lawsuits that he filed one against his wife Attorney's, and Bronx county supreme court Judges. And one about Prisoners legal services of New York and others private legal organizations in New York in that time (10 to 12 years ago's) Mr Abreu Don't has any knowledges that he cannot sue Privated persons or persons who are Immunity to sue under 42 USC § 1983. So lawyers Mr Abreu ex-wife legal organizations are private persons who Don't work for the state, and Immunity persons are Judges court clerks ect who cannot be sued under 42 USC § 1983 in that time Mr Abreu he Don't know that, still the U.S. southern district court of New York explained on this to Mr Abreu in a court order, where the Federal Judge warning to Mr Abreu of only sue to N.Y.S. Docs and N.Y.S. OMH officials and sue to they in the right court. Mr Abreu Appealed the decition and order for to remove those strike in that time Mr Abreu Don't know what a strike means or what mean the prison litigation reform act also 10 or 15 years ago's the PLRA still was new and very confuse for prisoners and still for the courts and appeals (court of appeals). also Mr Abreu English skill was worses in that time, and lack of knowledges. So, when Mr Abreu Appealed the decitions/orders of the southern district court there was when he received his Third strike. So Mr Abreu he never have received any strikes or any Dismissal of frivolous lawsuits against Docs and OMH officials. in the southern district of New York or in the Northern district of New York or in the Western district of New York, so there are not any extensive history of frivolous lawsuits

#. (2)

6) MR. DEUTSCH, Has an extensive history of Regularly Lies to this court. The Hon. Judge Siragusa catch him lior several time in the pendent lawsuit in Abreu v. Farley etal. case no. 11-cv-06251 for example in the year 2011 MR Deutsch alleged that MR Abreu never has give him copies of his medical records, or an Authorization form for He con get copies of MR Abreu Medical records so in a conference Hearing with Judge MR Siragusa MR Abreu counsels were ables to show to Judge Siragusa that MR Deutsch lied about that issues and the Judge Siragusa call to him the attentions for this issues, also through the litti-gations of the case Abreu v. Farley etal. is MR Deutsch have lied alot of time, mainly about MR Abreu legal materials the which continue confiscateds and deprived to MR Abreu, and allegedly all it bogs of legal materials continue in Great Meadow CF. but prison officials in Marcy CF and in the Inmate Grievance Program staff have alleged that they have contacted to great meadow CF officials about MR Abreu legal materials and that great meadow CF officials have alleged that they don't have any of MR Abreu legal materials so no one know where MR Abreu legal materials are right now in violations of the court order in Abreu v. Farley etal (docket no. 98). also MR Deutsch has alleged several time that per docs polity and for the conversations that He had with prison officials and docks central office MR Abreu will be able to exchange bogs of legal materials such as reported to this court in december 2015 and january 2016 However to the present 2018. (April) MR Abreu never was allowed to exchange any bogs of legal materials in all and continue to the present to be **unable** **can** to exchange bogs of legal materials. so this is a clear proofs that MR Deutsh and docks and prison officials Regularly lied to this court, not MR Abreu. also MR Deutsch never have been able to **can** to get dismiss any of MR Abreu cases in the merits.

# (3)

7) MR. DEUTSCH alleged that MR Abreu have an extensive history of frivolous lawsuits but however MR DEUTSCH, and any Attorney General office assistants / lawyer, with all those years of experiences and colleges and advanced English languages never have been ables to get any of MR Abreu 42 USC § 1983 complaints, Dismissed in the merits or dismissed in summary judgment or dismissed in trials, in all, the only things that they have been ables to do is maybe to get one or two cases IFF status be revoked but that is not in the merits of the case, IFF status it is not the case or claims but only a statute. MR. DEUTSCH only cited the case Abreu v. Lira 2014 US. DIST LEXIS 141654 17 (N.D.NY April 11, 2014). but in that case is very different MR Abreu never appeal that case in time because MR Abreu he was in Downstate CF in the mental Health Unit (MHU) observation cell for 3 months from November 2014 to January/2015 so MR Abreu never receive the Decision and order or judgment in time, so MR Abreu File a motion for to vacate the Decision and order and judgment, And for reconsideration, but the Court never receive MR Abreu motion it was missing or lost in the mail, or prison officials throw away MR Abreu outgoing legal mailes so when MR Abreu try to appeal the Decision / order or judgment was too later. and MR Abreu he is very sure that with the arguments in that case and the serious and imminent Danger that MR Abreu was suffered the court of appeals for the second circuit will have easy reversed the judgment or Decision and order of the lower court (the northern District court) or at least ordered to they to allow MR Abreu to File an Amended complaint. see e.g Abreu v MR Miller et al 9:15cv 1306 (TJM / CFH) Decision and order Dkt 28 June 22 2017 (plaintiff Did not pay the filing fee within thirty days of the January 2016 order, and on March 22 2016 judgment was entered dismissing plaintiff action without prejudice in accordance with —

#(4)

— The January 2016, ORDER (DKT. No 12 (The March 2016 Judgment), Plaintiff filed a notice of appeals to the Second Circuit Court of Appeals from the March 2016 Judgment - DKT. No. 16. By ORDER dated July 25 2016, issued on a mandate on august 30 2016 the U.S. Court of Appeals for the Second Circuit vacated the March 2016 Judgment and Remanded this action to the District Court. DKT No 19. >

8) Based in the Second Circuit Decision the northern District Court Has started to grant Mr Abreu IFP Applications pursuant to 28 USC § 1915 (2). See. Abreu v. Mr Miller et al. Case # 9/5cv. 01306. Abreu v. LAKE et al. 9. 17. cv. 01312. DNH. DER. Abreu v. LAKE et al. 9. 17. cv. 01312 Decision and ORDER of January 22 2018 ) Abreu v. DR Kooi et al. # 14- cv. 1529, NDNY, Abreu v. Nurse Lipka et al # 17- 2091 NDNY/WDNY. ), They not only granted IFP status based in the Second Circuit Decision in Abreu v. Mr Miller (Superintendent Miller of Great Meadow CF from 2015-2016 incidents, that Mr Abreu Has Reported to this court in Abreu v. Farley through his PRO BONE Counsels), but because and the District Court for the Northern District Court Judges Has started To believe that in Fact the Doccs and Prison Officials are tortured abused assaulted to Mr Abreu Denied Him Regularly Medical and Mental Health treatments Placed To Mr Abreu in inhumane Conditions of Confinement in a cell for longer months and years without cleaning supplies behind a cell shield Denied Him foods Denied his legal materials tompering with his properties legal mails Denied Him writing materials Regularly assaulted Him of a form Physical and sexually inclue in front of witnesses inmates video cameras, writing Mr Abreu abst of foues, or manipulate misbehavior Reports in Retaliations or for try to cover up staff Misconducts and abuses, so Federal Judges they are not stupids or ignorants, they started To see that There is some things wrongs in the Misconducts and the

- PERSECUTIONS AND MISTREATMENTS OF PRISON OFFICIALS/
DOCCS OFFICIALS Against MR ABREU. INCLUDING
DENIAL OR DENIED TO MR ABREU RELEASE AND DEPORTA-
-TION TO his COUNTRY DOMINICAN REPUBLIC, but RATHER
OR INSTEAD THEY HAS PLACED TO MR ABREU UNDER CIVIL
COMMITTMENT/CONFINEMENT, SO FEDERAL JUDGES LOOK
ALL THIS AND START TO THINKING YES THIS INMATE IS
UNDER IMMINENT DANGER THE SAME THINGS THE SECOND
CIRCUIT COURT OF APPEALS THAT REGULARLY GRANT MR
ABREU IFP APPLICATIONS. THEY STARTED TO LOOK CLOSELY
THAT WHAT MR ABREU IS SAYING OR EXPLAINED OR
WRITING ABOUT PRISON OFFICIALS AND DOCCS AND
his CONDITIONS OF CONFINEMENTS IN DOCCS AND DOCCS
MISCONDUCTS AGAINST MR ABREU IS A TYPE OF PERSONAL
ISSUES Against MR ABREU, THAT PLACED HIM IN IMMINENT
DANGER. SO MR ABREU CASES AND / OR APPEALS ARE
NOT FRIVOLOUS. AND MR DEUTSCH HAS CLEARLY
FAILED TO SHOW ANY PROOFS OR ANY EVIDENCES OF
ANY EXTENSIVE HISTORY OF FRIVOLOUS LAWSUITS TO THIS
COURT AND TO THE NORTHERN DISTRICT COURT OF NEW
YORK, OR TO THE SECOND CIRCUIT COURT OF APPEALS
AND LIKE MR ABREU EXPLAINED ABOVE MR DEUTSCH
OR N.Y. ATTORNEY General OFFICE OR DOCCS OR
PRISON OFFICIALS, NEVER HAS WIN ANY 42 USC #
1983 COMPLAINTS OF MR ABREU IN THE MERITS IN ANY
COURTS (FEDERAL OR IN THE STATE COURTS), SO, HOW
CAN THIS LAWSUITS UNDER 42 USC # 1983 TO BE FRIVOLOUS
IF THEY NEVER HAVE WINNED ANY IN ALL IN THE MERITS?

9) MR. DEUTSCH ALSO HAVE ALLEGED TO THIS COURT THAT
INITIALLY THIS COURT DENIED MR ABREU IFP STATUS
IN ABREU V. BROWN ETAL 14-CV-6599 (DOCKET 7)
BUT HOWEVER, THE COURT ULTIMATELY REVERSED THIS
DECISION AND GRANTED IFP STATUS NOTING THAT
PLAINTIFF HAD PLED IMMINENT DANGER OF SERIOUS
INJURY AND SUCH PLEADING WAS SUFFICIENT TO MEET
THE REQUIREMENTS FOR A STATUTORY EXCEPTION TO
THE THREE STRIKES RULE (DOCKET NO. 21). HE ALLEGES
THAT AS DETAILED BELOW MERELY PLEADING IMMINENT
DANGER IS INSUFFICIENT; AND THAT IF CHALLENGED A
COURT MUST MAKE A FINDING AS TO WHETHER THE IMMINENT
#16,

— Danger plea has sufficient basis in fact to continue the party's IFP status.), Mr Abreu disagree with Mr Deutsch because upon information and believe IFP application was initially denied only because Mr Abreu forget to send to the court the IFP application or the authorization form or the clerk of the court don't received the IFP form or authorization form along with the complaint, so the court closed the case administratively for 30 days, for to reopen the case back after Mr Abreu file the IFP application or authorization form or pay the $400.00 dollars. Then Mr Abreu responded to the court order by filing the IFP application and authorization form, so the court opened back the case. And after to review the complaint and the serious claims that fall easy in the imminent danger pursuant to 28 USC § 1915(g). Granted IFP status. Similar issues happened in Abreu v. Lake et al 9:17-CV-1312 NDNY. Mr Abreu sent a 42 USC § 1983 complaint to the NDNY but the clerk of the court alleged that they don't received the IFP application and authorization form the court closed the case administratively for 30 days until Mr Abreu file the IFP application and authorization form in December 2017 after Mr Abreu filed the authorization form and IFP application the court opened back the case, and reviewed the complaint, and the 3 strikes issues alleged that Mr Abreu, get the 3 strikes in Abreu v. Supreme Court of Bronx County et al No.10 CV 1310 Feb/18/2010 and Abreu v. Disability Advocates Inc No.09-CV-6306 (SDNY filed on July/15/2009) and in the same cases when he tried to appeals the both case in the Second Circuit Court appeals).

10) However on January 22, 2018 the court or the Northern District court determine in Abreu v Lake 9:17-CV-1312 that Abreu in fact was suffering imminent danger and granted IFP status, such as Mr Abreu has explained above, so this is the way that the federal courts work in New York state, about IFP requests.

11) MR DEUTSCH Have also alleged That MR Abreu merely pleading imminent Danger. in his complaint so This is insufficient; However MR DEUTSCH allegations Are not true in all MR Abreu filed The complaint in This court in 2014 in the case Abreu v. Brown et.al. 14 cv. 6599 while This court was Reviewed Abreu v Brown case. MR Abreu v. filed also The case Abreu v Hamilton et.al. Reporting That C.O. Hamilton along with others C.o.s/guards were Burning MR Abreu with Hot Waters. Denied Foods Denied Medical attentions To his injuries also turned off his cell waters wetting his Legal materials with Hot waters And That Supervisors And Superintendents were awared of all This. including The Unit Chief MR Abreu also wrote a letter to The Judge Siragusa explained all This so Both cases were consolidateds in one case The letter was also attached such as an SUPPlemental complaint. And The case was assigned To The Hon. Judge MS. Elizabeth A Wolford who Reviewed The complaint granted IFP APPlication based in The explained in The complaint And letter Senting To Hon Judge Siragusa And based in The Second Circuit Decision in Chavis v. Chappius 618 F. 3d 162 165 (2d Cir 2010). The Term Derious physical injury is not Defined in § 1915 (g). The Second Circuit Has Described The Nature of The Court's inquiry into whether The alle-gations qualify FOR The exception.

The Second Circuit Has Described The Nature of The Court's inquiry Regarding imminent danger as Folows: Although The Feared physical injury must be serious we should not make an overly Detailed inquiry into whether The allegations qualify for The exception because § 1915 (g). Concerns only a Threshold procedura (procedura l) question, while Separate PLRA pro-visions Are directed at screening out meritless Suits early on. Chavis v. 618 F 3d at 169. (quoting Andrews v Cervantes 493 F3d 1047 1055 9Th Cir 2007). And if a Plaintiff adequately alleges imminent danger on Some claims, The action may proceed

(8)

— ON ANY OTHER CLAIMS CONTAINED IN THE SAME COMPLAIN. EVEN THOUGH THEY MAY LOCK A NEXUS TO IMMINENT DANGER, CITANS 618 F3d AT 171.

12) THE HON. JUDGE MS WOLFORD, SHE ORDERED THEN TO MR ABREU TO FILE AN AMENDED COMPLAINT FOR TO PUT TOGETHER BOTH CASES ABREU V. BROWN AND ABREU V HAMILTON IN ONE SINGLE LAWSUIT/ COMPLAINT. THE WHICH MR ABREU DID IN THE YEAR 2016. BASED IN THE COURT ORDER OF THE YEAR 2015. THEN IN JANUARY/2015 THIS COURT ORDERED TO THE US. MARSHAL TO SERVE COPIES OF THE SUMMONS AND COMPLAINT, UPON SEVERAL DEFENDANTS, INCLUDING UPON THE N.Y.S. ATTORNEY GENERAL OFFICE THE WHICH ACCEPTED THE SERVICES IN BEHALF OF THE DEFENDANTS SO BASED IN ALL THIS SUCH AS EXPLAINED ABOVE THIS IS VERY CLEAR, THAT MR ABREU DON'T MERELY PLEADING IMMINENT DANGER, AND THE COURT ALREADY HAVE MAKE A FINDING THAT MR ABREU WAS IN FACT IN AN IMMINENT DANGER,

13) MR DEUTSH HAVE ONLY MOVED TO REVOKE THE IFP STATUS ABOUT THE MEDICAL CONDITIONS FROM 9/22/2014 TO 10/29/2014. WHEN THE COMPLAINT IS FROM JULY/ 2014 TO MARCH 2015. AND THE COMPLAINT AND CLAIMS AND IMMINENT DANGER ARE NOT ONLY ABOUT RECTAL BLEEDING OR RIGHT HAND FRACTURE OR BACK PAIN. THE CLAIMS OR IMMINENT DANGER IT ALSO ABOUT THROWING OF HOT WATERS, THREATING OF PHYSICAL INJURIES AND DEATH, DENIAL OF FOODS DENIAL OF MEDICAL CARE, ATTENTIONS AND TREATMENTS DENIAL OF MENTAL HEALTH SERVICES DENIAL OF MEDICATIONS ECT SO MR DEUTSH ONLY HAVE MOVED TO THE CLAIMS ABOUT DENIAL OF T.B. (TURBECULOSIS) MEDICATIONS AND TREATMENTS AND SOME MEDICAL ISSUES AND HE DON'T HAVE SPECIFICATED IN WHAT DEFENDANTS HE HAVE MOVED, WHEN THERE ARE SEVERAL DEFENDANTS TOO.

14) MR DEUTSH USED TO THE DOCTOR KARANDY FOR TO DO A DECLORATION. OR FOR TO MAKE A DECLORATION AGAINST MR ABREU, IFP STATUS, THE WHICH MR ABREU

— DON'T SUPPRISED IN all , MR ABREU KNOW PERSONALLY TO THE DR KARANDY HE WORK IN GREAT MEADOW CF AND MR ABREU, HAS SEVERAL PENDENTS LAWSUITS AGAINST DR KARANDY PENDENTS IN THE NORTHERN DISTRICT COURT AND SECOND CIRCUIT COURT OF APPEALS , IN CASES SUCH AS ABREU V. NURSE KIMBERLY LIPKA ETAL (ABREU V. LIPKA ETAL ( 9:16-CV-0776 , AND ABREU V. LIPKA ETAL # 17-2091

15 ) DR KARANDY, HAS A BOOL RECORDS OF CORRUPTIONS MEDICAL PRACTICES MEDICAL NEGLIGENCE AND MEDICAL DELIBERATE INDIFFERENCE , WHILE WORKING OUTSIDE AND INSIDE OF THE PRISONS (DOCCS PRISONS ) MANY INMATES HAS ALSO SUED TO HIM IN COURTS STATE AND FEDERAL COURTS AND HE HAVE BEEN UNDER INSPECTOR GENERAL OFFICE (OFFICE OF SPECIAL INVESTIGATIONS ) INVESTIGATIONS ALSO OF TIME IN HIS RECORDS HE HAS A LONGER LOGS RECORDS OF GRIEVANCES AND COMPLAINTS FILED BY MULTIPLY DIFFERENTS INMATES THROUGH THE YEORS WHILE WORKING ALSO IN GREAT MEADOW CF ALSO IN THE YEAR 2016 BETWEEN JANUARY 2016 TO JUNE 2016 AN INMATE DIED IN THE SPECIAL HOUSING UNIT (SHU) WHEN THE DR KARANDY AND MEDICAL NURSES DENIED PROPER OR ADEQUATED MEDICAL CARE , ATTENTIONS AND TREATMENTS TO THIS INMATE I WROTE MULTIPLES COMPLAINTS ABOUT THAT ISSUES AND DEATH OF THAT INMATES TO OUTSIDE ORGANIZATIONS (legal ORGA- -NIZATIONS AND THE DISABILITY RIGHTS OF NEW YORK & ORDER AGENCIES STARTED ON INVESTIGATIONS AND INTERVIEWS TO MANY INMATE ABOUT DR KARANDY AND MEDICAL NURSES MISCONDUCTS AGAINST THE SHU INMATES AND BLIND PROGRAM INMATES ALSO LOCATED IN GREAT MEADOW CF . THE DR KARANDY IT A CORRUPT HE ALWAY IS COVERING UP GUARDS (C.OS AND SUPERVISORS (SGTS ABUSES ASSAULTS MISCONDUCTS AND MISTREATMENT AGAINST PRISONERS. WHILE I WAS IN GREAT MEADOW CF. I WAS PHYSICALLY AND SEXUALLY ASSAULTED IN OCTOBER 2015 AND IN FEBRUARY 2017 IN BOTH CASES , DR KARANDY WAS ALSO ASSIGNED TO EXAMINE ME , PERSONALLY BECAUSE HE IS ALSO THE FACILITY HEALTH SERVICE DIRECTOR AT GREAT MEADOW CF IN BOTH INCIDENTS HE COVERED MY INJURIES ON MY BODY AND ANUS RECTAL. AND HE TOLD ME, THAT HE HAS FURTHER KNOWLEDGES

# ( 10 (

about my pendent lawsuits in the case Abreu v Farley et al # 11 cv. 0625, because Doccs central office chief medical officer / deputy commissioner Dr. Koenigsmann and prison officials has advised him of this lawsuit in the western district court against Doccs, so, He told me that He was directed and ordered don't give me nothing He cannot denial that He had that conversations with Doccs central office officials and Dr Koenigsmann in my medical records and in a memo-e-mail and in a grievance complaint filed against him for denial me medical care attentions and treatments regarding to my sexual and physical assaults in the hands of C.Os and Sgts He alleged that He personally contacted to the Dr Koenigsmann in Doccs central office for to ask for directions of send me or not to an outside hospital for examinations, to my injuries, but that the Dr Koenigsmann told him don't send me to an out side two weeks after I was transferred out of Great Meadow CF on March 03 2017 to Five Points CF in an emergency. So the Dr. Karandy, He is the wrong person for to make a declaration against me in this case in Abreu v. Brown et al. also the Dr Karandy, He work for Doccs and prison officials so part of his assured Job and duty in Doccs / prisons is to defender Doccs interests against any inmate lawsuits look even if He wanted to send me to an outside hospital for examinations in Feb/2017 the Doccs and prison officials told him no and He follow that. So no matter if He graduate of Albany medical college no matter if He completed 5 years of post-graduate surgical training, and no matter He is a board certified by the American Board of surgery and no matter if He have been practicing medicine and treating patients for 27 years when Doccs tell him no is no and when Doccs tell him to write a declarations against any inmate lawsuits against the Doccs and prison officials, He is obliged or forced to do so, the which is part of his contract, even if He need to liar in those affirmations and He have doing so for many years too. So, I completely oppose object and disagree with the declaration

16), The DR KARANDY Declorated too in his Decloration That MR Abreu refused his PROPHYLASTIC tuberculosis Medications, When this medications were offered to Him and that Plaintiff was not in imminent Danger of serious Horm. MR Abreu He Disagree (1) The DR KARANDY He is not a Judge He is not a federal Court for determine if MR Abreu qualify or not for 28 USC § 1915 (g) Imminent Danger, Even the federal Court of Appeals such as the Second Circuit Has explained clearly in Citans V. Choppius and others Lawsuits regarding Imminent Danger That although the feared Physical injury Must be serious The Courts And Judges should not make an overly detailed inquiry into whether the allegations qualify for the exception because § 1915 (g) Concerns only a threashold procedural Question. (Chans 618 F 33 at 169), also for an Inmate To Meet the serious Physical injury requirement The Threatened injury need not be as serious as to be an Eighth Amendment violation in and of itself see eg (iorporglinis v Sonni 352 F.31 328 330-31 ( 7Th Cir 2003) Gibbs v cross 160 F.31 964 964 (3d Cir 1998).

17) Moreover tuberculosis ("TB), Both Active and latent T.B. Are serious Medical needs. see eg MADONodo v. V. Terhune 28 F Supp. 2d 284 290 D.NJ 1998). If an Inmate with Active or latent T.B. don't take the medications they Con become seriously ill. And May Even die, And DRUG resistont T.B. Con Develop if people with with active T.B. or latent T.B. take Their Medicine incorrectly or if They Have not been given the Right T.B. Medicines. see eg New York City Department of Health Foct sheet on tuberculosis, avai- -loble on its web site at www N.YC gov/html/ doh/html/tb/-Focts.shtml (last visited feb/06/2010) Prison officials Have been found deliberate indifference in Foiling to respond to tuberculosis see eg DeGidio v Pung, 704 F Supp 922 937-51, 956-59 (D. Minn. 1989) also see Hill v Marshall, 962 F 2d 1209, 1213-15 (6th Cir 1992) (affirming Damages for increased risk of T.B. resulting from failure to ensure that prisoner —

4 (12)

- WITH POSITIVE TB TEST RECEIVED MEDICATION > THIS CASE IS VERY SIMILAR TO MR ABREU CASE, MR. HILL HER WAS IN PRISON, HE RECEIVE A QUANTIFERON **TB** TEST IT COME POSITIVE < WHAT IS CALLED A LATENT TB > HE WAS PLACED IN PROPHYLACTIC TUBERCULOSIS MEDICATION FOR SEVERAL MONTHS BUT THE MEDICAL NURSE(S) WERE FAILED TO DELIVERY OR GIVE HIM HIS T-B. MEDICATIONS HE FILED A 42 USC § 1983 COMPLAINT HE WIN HIS CASE THE JURY AND THE COURT OF APPEALS, FOUND THAT EVEN HE DON'T HAVE A ACTIVE T-B. THE DENIAL OF HIS T-B MEDICATIONS "INCREASED THE _RISK OF TB_"

18) IN MR ABREU CASE ᴍR ABREU, HE WAS CONFINED TO THE SITU BEHIND A PLEXIGLASS / CELL SHIELD FOR LONGER MONTHS, WITH LOCK OF AIR AND VENTILATIONS AND ALL APPEAR THAT IN THE GALLERY WHERE MR ABREU WAS HOUSED THERE WAS AN INMATE WITH ACTIVE T-B, WHO PASSED IT DISEASE TO MR ABREU THOUGH THE AIR SNEEZED AND COUGHED SO THE T-B GERMS FLIED TO MR ABREU CELL AND FOR LOCK OF VENTILATIONS AND AIR MR ABREU CATCHED THE T-B. DISEASE. SO WHEN A QUANTIFERON T-B TEST WAS CONDUCTED IN MR ABREU BLOOD IT COME BACK NEGATIVE MR ABREU, WAS NEGATIVE T-B BEFORE THE PLEXIGLASS / CELL SHIELD WAS PLACED IN HIS CELL. & T-B. TEST QUANTIFERON COME BACK POSITIVE T-B AFTER HE WAS BEHIND A CELL SHIELD, AND MR ABREU WAS THE ONLY INMATE WHO WAS BEHIND A CELL SHIELD AND THE REST OF THE INMATES DON'T CATCHES IT T-B. LATENT DISEASE SO THIS IS VERY CLEAR THAT MR ABREU WAS IN AN IMMINENT DANGER AND IN RISK OF INCREASED ACTIVE T-B, WITHOUT HIS MEDICATIONS. THAT WERE PRESCRIBED FOR TO BE TAKE FOR 9 MONTHS DAILY. SO DR KARANDY ALLEGATIONS THAT MR ABREU HE DON'T WAS IN RISK OF ACTIVE T-B. FOR FAILED TO TAKE MEDICATIONS IS ARBITRARY CAPRICIOUS AND AN OPEN DELIBERATE INDIFFERENCE TO MR ABREU MEDICAL NEEDS, EVEN IF THIS DENIAL WAS TEMPORARELLY OR NOT NO ONE KNOW IF DOCCS WILL GO TO TRANSFER MR ABREU OUT OF WENDE OF SITU TO OTHER SITU IN THE TIME THAT MR ABREU FILED BOTH LOW SUITS, SO MR ABREU CLEARLY WAS IN AN IMMINENT DANGER.

14) Additionally in the medical records that Mr Deutsch attached such as exhibits, the nurse she wrote on 10/03/14. 9:00 PM. that I report to she than I am not refusing my T.B. medications but that I don't will go to put a suit for I can't to get my T.B. meds so, Mr Abreu was refused to wear the suit, but not his medications, she wrote that the procedures about the suit come by superintendent and Dr Mr Brown. she wrote about the consequences and danger to hebits of not taking T.B. medications. on 10/09/2014 Mr Abreu was placed in a T.B. hold and referral were sent to mental health (OMH) and nurses L she report than per sewrity stoff (CUS) Mr Abreu was refused to wear the suit not his medications the same on 10/13/2014. 9:PM. Mr Abreu was also denied of see to a mental health unit doctor (MHH Doctor, on 10/15/2014 time 9:15 am due to the suit issues, on 10/18/2014 time 8:30 am, sick call service was denied to Mr Abreu due to the suit issue, on 10/20/2014 time 8:45 am also denied of sick call service, on 10/20/2014 denied of his T.B. meds due to the suit issues, on 10/22/2014 time 10:00 the Dr Ms Levitt was alowed to walk front Mr Abreu cell along with the medical nurse without Mr Abreu, wear the suit outside of his cell, (the suit cannot be weoring inside the cell only out side of the cell), Mr Abreu he explained about the T.B. medications, sick call issues, about his hand pain and problems a colonoscopy due to hemorrhaidal problems, & about of the suicidal attempts in the past and discussed importance regarding of take the T.B. medications and that Mr Abreu states that He will comply with the treatment (9 months of medications for T.B) ect. she never asked to Mr Abreu if He was coughing or nightsweats or if He have lossed weight. On 10/09/2014 time 9:PM the nurse wrote that per sewrity stoff MrAbreu is not coughing nightsweats or visible wt losses but however Cos/guards they are not doctors, and don't have any medical educations, so they are not qualified, for determine

(*14*)

If Mr Abreu is sick or not, so medical staff only wrote what security staff (C.O.s) told to they. In Mr Abreu experiences guards/C.O.s in the SHU don't care nothing they don't care if an inmates is sick or not. They always will go to report that the inmates is ok that they don't see nothing wrong. For the same happened in January. February 2016 in great meadow C.F. SHU with the inmate who died the C.O.s were making rounds they saw to this inmates in night time swearing also and coughing and other symptoms the C.O.s reporting that the inmate was ok. And next day the inmate was death. If the family of that inmate sue to those officers they will go immediately allege that they don't have any medical educations or they are not nurses or doctors. That they only are security staff. Such as they have do also of time, or alleged also of time in many lawsuits.

20) On 10/10/2014 nurse report that Mr Abreu refused to come out of cell (to put the suit) for sick-call. Per Sgt Maria   No sick call given The same on 10/13/2014. (Inmate refusing to put on exposure suit to come out of cell for meds. The refusal form completed), The same on 10/20/2014 9:15 Am, refused sick call and to get suited up and come out of cell. 9:15 Am, The same on 10/25/14 9:00 Am. Refused sick call and to get suited up and come out of cell. The same also on 10/27/2014 10:00 Am, and 10/29/2014 time 9:30 Am. the same on 10/18/2014 8:30 Am 10/20/2014 8:45 Am and 10/20/2014.) However for the records Mr Abreu He don't was refused to get out of the cell for sick call, or for to take medications He don't was refused his medications or sick call services neither, He was only declined or to wear the suit why? because in Wende Cf SHU such as in all SHU(s) store wide the sick call services and medications are conducted cell door side. nurses escorted by male guards, make rounds daily conducted sick call and ~~Delivered~~ delivered medications cell side doors to inmates, such as the Docs policies in Wende Cf and other SHU do. Second inmate in the SHU(s)
# 1.5 (

— They always are Handcuffed behind back any time they get out of the cell or whenever time they recive or exit the cells so whole of guards/sgts they want to handcuff Mr Abreu behind back plus to put also the suit with a lock behind neck that provoke pain and choking sensations and discomfort so the suit not was placed in Mr Abreu for security concerns or reasons for lewd conducts this was for try to humiliate and embarrassment to Mr Abreu in front of staff, nurses c.os guards and others inmates. Because why Mr Abreu need to wear a suit when he is handcuffed behind back? How he will to committed or to exposure his Private Parts to staff, nurses oct if he is handcuffed behind back. also for sick call & medications Mr Abreu don't need his hands nurses will put the medications in Mr Abreu mouts, and give him waters, such as they were doing when inmate was wearing the suit plus handcuff behind back but Mr Abreu stop or stopped to wear it suit because it don't have any sense in all. The misconducts of the defendants were clearly deliberate indifference to Mr Abreu life, Health welfare safety care, and wellbeing., The state of new york (Doccs) has an obligation to protect the Health and welfare of the inmate see eg. Von Holden vs Chapman 87 AD2d 66 ( 4 Dept. 1982). Martinez v. Turner, 977 F2d 421 (1992) The prison officials an obligation to protect an inmate's life or permant Health is in danger, because an inmate don't have a constitutional rights to self harm. To deteriorate his physical health or conditions or to die so the state has an obli- -gation to prevent self Harm, see Doccs directive # 4309. Directive # 4004 and ACA Expected Practices 4-4224, 4-4281 and 8th Amend. Rights.

21) Defendants attorneys Mr Deutsch and the Dr Karandy, alleged in the memorandum of law and in the declaration that Mr Abreu is required to wear a suit because of his habit of exposing himself to nurses, and that an exposed suit prevents an inmate from exposing himself and committing acts of sexual —
# (16)

— Harrassment Against nurses and other staff members. Mr Abreu, disagree, and object and oppose to this arbitrary, and capricious allegations against him what Mr Deutsch and Dr Karandy stated is company false, manipulate and exagged or fabricated, because (1) The exhibits about medical records provided by the defendants no nurses and doctor alleged nothing about awd conducts of Mr Abreu exposed to they. (2) Mr Abreu he don't was placed in the suit because nurses, in wende cf that was because an incident happened in a disci- plinary hearing officer, where the hearing officer alleged that Mr Abreu exposed to she, when she was conducted the hearing. (3) Mr Abreu was in wende cf Shu from July 2014 to March 2015 and no nurses or medical staff in no time allege or - report or wrote a ticket or wrote in medical records nothing about awd conduct, from Mr Abreu. (4) Mr Abreu was transferred from wende cf Shu to Sullivan cf Shu in March/2015 and from Sullivan cf Shu to Great Meadow cf Shu in October 2015 and from Great Meadow cf Shu to Green Haven cf Shu in August 2016 and from Green Haven cf Shu to Upstate cf Shu in November 2016 and from Upstate cf Shu to Great Meadow cf Bhu program. and March/ 2017 to five points cf Rhhu — GTP program and from five points cf GTP to Marcy cf Rhhu program. And in no time in those Shu or in any other Shu or programs eg GTP Rhhu Bhu. Inmate Mr Abreu never was required to wear a suit for sick call services in the unit or for he can to get or receive his medications, all sick call services was all conducted cell door side such as are the policies, and procedures, and in five points cf Shu GTP f Rhhu program, in 2017 from March to October 2017 the facility administration gave to Mr Abreu the options or alternative of wear the suit or be handcuffed only behind his back, for all call-out all interviews for all hearings, video conference with the call or attorneys ect, so, Mr Abreu, took, the choice or the alternative of be handcuffed behind his back only f no suit.

— So MR DEUTSCH, Lied again to this court, along with the DR KARANDY, the which is not surprise for MR Abreu.

22) MR DEUTSCH, He has attached a copy of MR Abreu's disciplinary history records. That Exhibits are not admissible such as evidence to nothing, because, many of those time, and Hearings or all are pendents in the courts such as in this court in Northern District Court in many pendent article 78 petitions in many state courts (supreme court), court of Appeals Appellate Division, so because all and each of those tickets Hearings Charges act are pendents in this court and other many courts and in Appeals, such alleged evidence were not be admissible. MR Abreu, Has copies of video tapes records that many of those tickets or lewd conducts are false, and fabricated's and written against MR Abreu many time in retaliations for MR Abreu grievances or letter of complaints or Lawsuits against Staff Cos Nurses Officious Administration act for Example on 5/05/2014 time 8:00 Am, at Auburn CF situ the C.O. MR Hooper, He wrote a misbehavior report against MR Abreu alleged that when He was making rounds He observed to MR Abreu naked and mosturbating on his bed, and after that MR Abreu throw a bucket of water outside of his cell, He wrote a ticket of lewd conduct and unhygienic Act. Charges 101.20 and 118.22, but in the Hearing the Hearing officer L.T. T. ABate Acting Captain — He observed that in the video tape of the alleged Incident with CO Hooper, it show clearly that C.O Hooper never looked in all to MR Abreu cell never stopped front or near MR cell, then the C.O Hooper admitted that others Cos told Him to wrote a false ticket of lewd conduct against MR Abreu because MR Abreu Has written many grievances against they and Staff and throwing waters outside of his cell, the L.T ABate throw the Charge of lewd conduct 101.20 and found guilty to MR Abreu of throw only water. Charge 118.22, so this is also a proof and evidence that C.O.s and nurses gave MR Abreu alot of false tickets in retaliations.

# 118 )

23) MR DEUTSCH alleged that an EXPOSER SUIT prevent AN INMATE from EXPOSING himself AND committing Acts OF SEXUAL HARASSMENT. However MR DEUTSCH DON'T HAVE ANY RECORDS THAT THE SUIT WORK OR THAT HAS PREVENTED ANY INMATE FROM EXPOSING himself AND COMMITTING ACTS OF SEXUAL HARASSMENT AND DOCCS DON'T HAVE ANY SUCH RECORDS TOO. THE SUIT DON'T PREVENT NOTHING IN ALL, IT REALLY PROVOKE THAT STAFF, C.O.S AND NURSES WRITE MANY FALSE TICKED OR LEWD CONDUCTS FOR GOSSIP FUNNY HARASSMENT RETALIATIONS DISCRIMINATIONS because they KNOW IT SUIT HUMILIATE AND EMBARROSSMENT TO INMATES FROM OTHER INMATES AND STAFF/ OFFICIALS. EXAMPLE MR ABREU, HE WAS PLACED IN THE SUIT IN THE YEAR 2014 TO THE PRESENT APRIL/2018 IN THAT FOUR YEAR PERIOD DOCCS OFFICIALS/STAFF HAS WRITTEN TO MR ABREU MORE TICKETS, THAT IN THE 16 YEARS THAT MR ABREU HAVE FROM 1998 TO 2014, SO HOW IT SUIT PREVENT EXPOSING OR SEXUAL HARASSMENT IF WHEN AN INMATE WEAR THE SUIT HE RECEIVE MORE TICKETS OF LEWD CONDUCTS THAT WHEN THAT INMATE, IS NOT IN THE SUIT SO THE SUIT DON'T WORK IT IS EASY TO KNOW WHY. FOR EXAMPLE, WHEN AN INMATE GO TO COURT TRIAL THE JUDGES, AND DEFENSE LAWYER ALWAYS TO RECOMMEND THAT INMATES USE REGULAR CLOTHERS, AND NOT PRISON UNIFORM AND NO HANDCUFF & CHAINS BECAUSE IT WILL TO DISCRIMINATE TO THE INMATE IN THE EYES OF THE JURY. SO THE SAME OR SIMILAR HAPPEN IN PRISON WHEN STAFF & OFFICIALS SAW TO ANY INMATE OR MR ABREU WEARING THE SUIT THEY WRITE MORE TICKETS OF LEWD CONDUCTS IN DISCRIMINATIONS FOR KEEP THE INMATE IN THE SUIT AND IF AN INMATE ATTEND TO THE HEARINGS IN A SUIT THE HEARING OFFICER TO THINK OR THOUGHT THAT THE INMATE IS GUILTY OF THE CHARGES EVEN IF THE VIDEO TAPE OR PROOFS OR WITNESS SHOW THAT THE INMATE IS INNOCENT, AND POSSIBLY THE SAME HAS HAPPENED WHEN AN JUDGE SEE AN INMATE WEARING IT SUITS THEY IMMEDIATELY THINK THAT THE INMATE IS GUILTY REGARDED TO THE PROOFS THAT HE SUBMIT OR PRESENT TO THE COURT

24) ADDITIONALLY MR ABREU WOULD LIKE TO ADD. THAT THE REASONS WHY MR DEUTSCH DON'T HAVE SHOW TO THIS COURT ANY POLICY, AND DIRECTIVE ABOUT THE DOCCS EXPOSER SUIT ARE because MR DEUTSCH PERFECTLY KNOW AND HAVE ALSO KNOWLEDGES THAT DOCCS NEVER HAS APPROVED THE SUIT FOR TO

be used in SHU(s) (Special Housing Unit) or and general population inmate., DOCCS officials never get the approve of the N.Y.S secretary of state of the New York legislative / N.Y.S. senate and never get the approve or the N.Y.S. Governor., and there is only a memorandum from N.Y. DOCCS authorities that the suit be only used in the mental health programs such as BHU and RHHU programs only in certains facilities such as Attica CF, Five Points CF, Sullivan CF and Great Meadow CF., so this never was approved for to be used in Wende CF SHU against the SHU inmate., when Mr Abreu he was transferred to Green Haven CF SHU and upstate CF SHU, the prison officers and superintendent told and advised Mr Abreu that, they are not authorized to use the suit in the SHU or/and general population because DOCCS never approved the directive # 4939 inmate exposure control., There is only a draft dir 4939 dated 9/16/2010 that DOCCS never approved for to be used in the general population and /or SHU inmates. To the present April/2018 the dir 4939 not has be approved so it don't exist., so Mr Abreu all this time was placed in an illegal unlawful and unconstitutional suit in the SHU(s)., And Mr Deutsch and Dr Karandy, know perfectly all this and they don't have any proofs, any evidences any exhibit any directive 4939 inmate exposure control be approved by DOCCS to the date

25) For last Mr Abreu would like to report to this court that he don't have received any copy of the decision and order of this case of January /2015 he adviced to Mr Deutsch and court clerk of this court or all this, Mr Abreu don't have any copies any records in all of his complaints (original complaints) or and the amended complaint any copies of prior court orders any dockets sheets. ect. because on 8/01/2017 five points CF officials destroyed all this 2 seven bags of papers such as adviced to this court by Mr Abreu and his probono counsels in the year 2017, in the case Abreu v. Farley. So Mr Abreu ask this court for copies of all this records for he can be able to litigate this case, in this court against the defendants.

26 > MR KARANDY, AND MR DEUTSCH ALLEGED THAT IN NO TIME MR ABREU COMPLAINING ABOUT RECTAL BLEEDING OR PAIN OR BACK PAIN, ECT. HOWEVER MR ABREU FILED MANY SICK CALL REGULARLY OR DAILY REPORTING ALL SUCH CONDITIONS, IN HIS SICK CALL SLIP - REQUEST FORM. WHEN AN INMATE FILE SICK CALL IN SITU, HE USE A SICK CALL SLIP REQUEST FORMS EXPLAINED HIS MEDICAL PROBLEMS. SO MR ABREU, HE DON'T HAVE ANY CONTROL OF WHAT THE NURSE REPORT OR NOT IN HIS MEDICAL CHART, & RECORDS, OR WHAT THE DOCTORS WRITE OR NOT. THEY ONLY WROTE THAT MR ABREU REFUSED TO WEAR THE SUIT OUTSIDE OF HIS CELL, SO THEY WROTE THAT HE REFUSED SICK-CALL SERVICES AND MEDICATIONS WHEN REALLY MR ABREU NEVER REFUSED TO GO OUTSIDE OF HIS CELL OR TAKE HIS MEDICATIONS OR REFUSED SICK CALL SERVICES THEY WERE WHO REFUSED TO SEE MR ABREU THEY WERE WHO REFUSED TO GIVE TO MR ABREU HIS MEDICATIONS EVEN IF MR ABREU WAS FULLY DRESSED WITH STATE GREEN PANTS, T-SHIRT & SHIRT SUCH AS MANDATE OR REQUIRE THE SITU DIRECTIVE # 4933 & WENDE CF POLICY THE SHU DIRECTIVE 4933, AND STATE REGULATIONS UNDER THE TITLE 7 NYCRR CHAPTER VI   PARA 300-305 & DIRECTIVE 4932 DON'T MENTION NOTHING ABOUT EXPOSURE CONTROL SUIT FOR SHU INMATES OR/AND FOR SICK CALL SERVICES ONLY IT REQUIRE PANTS T-SHIRT & SHIRT THAT IT. STATE UNIFORM. THE JUMPSUIT IT IS NOT A STATE APPROVED CLOTHES OR UNIFORM FOR TO BE USED IN STATE PRISON SHU (S)

ALSO STARTING MR ABREU HE WAS TRANSFERRED TO SULLIVAN CF SITU IN MARCH/2015 MR ABREU, HE WAS COMPLAINING THE SAME SYMPTONS THAT HE WAS SUFFERING IN WENDE CF. SO MR ABREU HE WAS SCHEDULED FOR SURGERY OF HIS ANUS RECTAL HEMORRHOIDALS (EG BLEEDING, PAINS ECT & SCHEDULED FOR A RIGHT HAND SURGERY EG CARPAL TUNNEL, ECT. DIFFERENT PAINS MEDICATION FOR BACK & HAND SUCH AS NEURONTIN AND OTHERS MEDICAL TREATMENT THAT WENDE CF DEFENDANTS WERE DENIED TO MR ABREU. SO, MR ABREU HEALTH NOT WAS GOOD, WHEN MR ABREU FILED THE INSTANT SUITS (TWO CONSOLIDATED &

## CONCLUSION

DEFENDANTS MOTION FOR TO REVOKE IFP STATUS SHOULD BE DENIED AND THE CASE RESCHEDULED FOR DISCOVERY PROCEEDING. >
DATED: 4/10/2018   # (21)   RESPECTFULLY SUBMITTED.

Abreu v. Brown
6:14-cv-06599

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) SS.:
COUNTY OF ONEIDA )

Carlos Abreu, being duly sworn, hereby deposes and says:

That on this 01 day of April, 2018, I served the within Plaintiff's Opposition to Defendant's Motion for to Revoke IFP Status

upon the individual(s) listed below, by placing true and exact copies of the same in properly addressed envelopes and depositing the same into the mail receptacle at the Marcy Correctional Facility to be mailed via the United States Postal Service to said party/parties listed below:

TO: Pro-se Office
Clerk of the Court
U.S. District Court
Western District of New York
100 State Street
Rochester, N.Y. 14614

N.Y. Attorney General
The Capitol
Albany, N.Y. 12224
Attn: Hillel Deutsch Esq
Assistant Attorney General

Copy: Hillel Deutsch, Esq
Assistant Attorney General
144 Exchange Blvd. Suite 200
Rochester, N.Y. 14614

Deponent Carlos Abreu # 99A3027
Marcy Corr. Facility
Box 3600
Marcy, N.Y. 13403

Sworn to before me
this 4th day of April, 2018

Michael J Moore
Notary Public of State of New York

MICHAEL J. MOORE
Notary Public - State of New York
No. 01MO6170816
Qualified in ONEIDA County
Commission Expires 9-25-19