UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**CARLOS ABREU, #99-A-3027,**

                Plaintiff,

           -against-

**BROWN, et al.**

                Defendants.

**REPLY
MEMORANDUM OF LAW**

14-CV-6599

---

## I. Preliminary Statement

On March 19, 2018, Defendants filed a motion (the "Motion") to revoke Plaintiff's *in forma pauperis* ("IFP") status. (Docket No. 61)  Defendants offered proof that Plaintiff was not, as he claimed, in imminent danger of serious injury at the time of filing, but was in good health and being treated properly.  On April 16, 2018, Plaintiff filed an opposition. (Docket No. 67)  Defendants' Reply is below.

## II. Argument

Plaintiff's lengthy opposition papers fail to address in any meaningful way the arguments of the Motion.  The gravamen of the Motion was that, while Plaintiff was granted IFP status because of his claims to have been improperly treated for tuberculosis, rectal bleeding, a right hand fracture that was healing, back pain, and various other conditions, these claims were all false. (Docket No. 21).  Defendants attached a declaration from Dr. Karandy and Plaintiff's relevant medical records from the time to show that he was being treated properly. (Docket No. 61).

Plaintiff provides neither medical records nor testimony from medical personnel suggesting anything Dr. Karandy wrote was incorrect.  Instead, the bulk of Plaintiff's

1

Opposition consists, as best counsel can determine, of Plaintiff reiterating his claims, discussing many other alleged incidents at various facilities, and launching attacks on defense counsel, Dr. Karandy, and many other members of DOCCS medical and security staff. Plaintiff does raise certain substantive arguments, and they are addressed below.

Plaintiff begins by claiming that he is not a frivolous litigator; that he obtained three strikes "10 to 12 years" ago when he did not understand the system, and that he has not had a single case against DOCCS or OMH officials dismissed as a strike. (Docket No. 67 p. 2). This statement false. Among the strikes Plaintiff has obtained in the past six year are:

- Abreu v. Lipka, et al., 16-CV-0776, Docket No. 10 (Dismissing case sua sponte for failure to state a claim upon which relief may be granted.");
- Abreu v. Kooi et. al, 14-CV-1529, Docket No. 87 (Adopting recommendation of magistrate, administratively closing case pending payment of sanctions, finding "the content of his filings to be vexatious and harassing" and finding "abhorrent" Plaintiff's highly improper and harassing comments about women in his filings.);
- Abreu v. Lira, et al., 12-CV-1385, Docket No. 95 (dismissing appeal as it "lacks an arguable basis either in law or in fact.").

Plaintiff claims he had IFP status granted in several other cases based on an imminent danger exception. This is true but irrelevant for three reasons. First, even assuming, *arguendo*, that Plaintiff was in imminent danger in other facilities at other times, that has no bearing on whether he was in imminent danger at the time of filing this suit.

Second, and perhaps more importantly, Plaintiff has only been granted IFP status in other cases based on his claims of imminent danger. None of the cases he cited have yet involved a challenge to the grant of a three strikes exception. Indeed, in at least one of the cases he cited the court expressed significant skepticism about Plaintiff's ability to withstand a challenge to his three strikes exception. See Abreu v. Lake, 17-CV-1312,

Docket No. 11)(granting imminent danger exception and stating "Notably, however, this conclusion is a **preliminary finding**, and defendants are entitled to refute this preliminary finding in future filings. Among other things, Abreu's in forma pauperis status will be revoked if, as the case progresses, it is determined that he did not face imminent danger of serious physical injury when he commenced this action or is otherwise not entitled to proceed in forma pauperis.")(Emphasis original).

Third, Plaintiff cites exclusively to cases filed fairly recently to show he was granted an imminent danger exception. In the cases filed around the same as the instant case, however, he was uniformly denied any such exception and found not to be in imminent danger. See Abreu v. Nowicki et al., 14-CV-0394 (Docket No. 10, finding that at time of filing, April 8, 2014, Plaintiff was not in imminent danger.) Abreu v. Mucucci et al., 14-CV-0658 (Docket No. 10, finding that at time of filing, June 3, 2014, Plaintiff was not in imminent danger.) Abreu v. Chuttey et al., 14-CV-0728 (Docket No. 7, finding that at time of filing, June 17, 2014, Plaintiff was not in imminent danger.)

It is also significant that Plaintiff cites only to recent cases, because in those instances counsel may not have had an opportunity to challenge the imminent danger exception. Previously, when Plaintiff's imminent danger exception was challenged, the challenge was successful. In Abreu v. Lira, 2014 U.S. Dist. LEXIS 141659 (N.D.N.Y Apr. 11, 2014), the magistrate recommended revoking Plaintiff's three strikes exception as there was ample evidence showing he was not in imminent danger. When Plaintiff challeneged the report, the challenge was denied and the recommendation adopted, with the court noting:

> Taking the entire record into account, including plaintiff's submissions in response to the Report and Recommendation, the Court finds that

> plaintiff's voluminous medical records, viewed in conjunction with Nurse Lashway's declaration and plaintiff's submissions, establish that plaintiff was not suffering any medical condition that would support a finding of imminent danger of physical injury at the time he filed the complaint herein. Nor was he in imminent danger in any other respect.

Abreu v. Lira, 2014 U.S. Dist. LEXIS 137622, at *4 (N.D.N.Y. Sep. 30, 2014) When Plaintiff appealed that decision, the Second Circuit denied and dismissed the appeal "because it lacks an arguable basis either in law or in fact." Abreu v. Lira, 2017 U.S. App. LEXIS 25405, at *4 (2d Cir. Nov. 22, 2017)(internal citation omitted).

Plaintiff falsely contends that his appeal dismissed only because filed late, and that he "is sure" that if the Second Circuit had addressed the merits they would "eas[il]y have reversed the judgment." (Docket No. 67 p. 4). Unfortunately for Plaintiff's claim, while his appeal was also dismissed on grounds of lateness, the Second Circuit did address the merits. The primary reason for dismissal was that it failed on the merits, lacking any basis in fact or law. It is worth noting that the Second Circuit's decision in Lira is three sentences long, and the holding dismissing on the merits – which Plaintiff claims never happened – is the first sentence.

Plaintiff also cites to Abreu v. Miller, 15-CV-1306 (N.D.N.Y.). In that case, the district court dismissed Plaintiff's claims on three strikes grounds, finding he was not in imminent danger. (Docket No. 11). On appeal, the Second Circuit reversed, but found only that Plaintiff should have been afforded an opportunity amend his pleadings to more clearly allege the need for an imminent danger exception. (Docket No. 19). The Second Circuit did not find Plaintiff was in imminent danger. While the district court later found the amended complaint had alleged sufficient claims to warrant an imminent danger

exception, the claims have not yet been challenged, as counsel in that case filed a motion for summary judgment instead of a motion challenging IFP. (Docket No. 53).

Plaintiff argues the Court should not conduct an extensive examination into the facts underlying the allegations of imminent danger. While Plaintiff is correct that courts should not conduct an <u>extensive</u> inquiry, he is not correct that the inquiry is reduced to a mere pleading standard. As was held in <u>Lira</u>, Plaintiff cannot simply allege a parade of horribles and expect a court to accept them as truth in the face of overwhelming evidence to the contrary.

And in this case there is overwhelming evidence that Plaintiff was not in imminent danger. Plaintiff's medical records show he was seen by medical staff 27 times in the 30 days before and 10 days after filing the Complaint. During that time he did not once complain of rectal bleeding or back pain. Plaintiff's response is to claim the medical records are wrong. (Docket No. 67 pp. 14-15, 21). The records show he did not have active tuberculosis and was prescribed medication prophylactically, which Dr. Karandy testified meant Plaintiff was not in imminent danger. Plaintiff's response is to claim that Dr. Karandy is wrong. (Id. p. 12). The records show Plaintiff was offered occupation therapy, physical therapy and medications for his hand. Plaintiff's response is to claim the records are wrong. (Id. p. 15). The records show Plaintiff refused his medication by not putting on his exposer suit, which was needed after he had been found guilty of lewd conduct dozens of times. Plaintiff response is to claim all the guilty findings were wrong. (Id. pp. 17-18).

It does not take a detailed inquiry to reach a determination in this case; there is overwhelming evidence from Plaintiff's medical records and a medical expert that

5

Plaintiff was in good health when he filed the Complaint and the only evidence to the contrary is Plaintiff's bald claim that they are all wrong.

Finally, Plaintiff claims he was in imminent danger from other grounds, such as staff threats, or other dates, such as March 8, 2015, when he filed the Hamilton matter which was consolidated with this case. As a threshold matter, this is irrelevant because the Court did not grant a three-strikes exception on any of those grounds. (Docket No. 21). However, even if it had, these claims have all the same defects of Plaintiff's medical claims; the lack of any support beyond Plaintiff's say-so. Plaintiff merely claims that many corrections officers and many members of medical staff are either incompetent or malicious, despite the mountain of evidence to the contrary. Plaintiff makes no attempt to show what dangers might have existed in March 2015 when he filed Hamilton that did not exist in November 2014 when the instant case was filed.

Plaintiff claims staff threatened him, yet brings no evidence to substantiate his claims. Courts have held – indeed, held as to this very Plaintiff – that threats of future behavior, including threats of rape, assault or humiliation, do not constitute imminent danger for purposes of a three strikes exception "unless the prospect of such a future assault is so specific and/or likely as to be deemed real." Abreu v. Chuttey, et al., 14-CV-0728 Docket No. 7. (W.D.N.Y. Nov. 11, 2014)(denying imminent danger exception)(collecting cases). Plaintiff's bald, unsupported claims of threats do not render such alleged threats to be so likely as to be real.

Perhaps the most important fact is simply this; despite his countless violations of prison rules, his persistent sexual harassment of nurses, his physical assaults on staff (including an assault for which he was criminally convicted) and his hundreds of

6

frivolous grievances and lawsuits, Plaintiff was, at the time of filing, in good health. Plaintiff is surely dissatisfied with his lot, (which is entirely of his own making), but he has produced no evidence showing he was in imminent danger at the time of filing, and even a cursory examination of the record shows he was not. His IFP status should be revoked.

## IV.  Conclusion

For the foregoing reasons, Plaintiff's IFP status should be revoked. Defendants further move to stay all deadlines in this case pending the outcome of this motion.

Dated:  April 20, 2018
       Rochester, New York

                      ERIC T. SCHNEIDERMAN
                      Attorney General of the State of New York
                      Attorney for Served Defendants

                      s/Hillel Deutsch_____
                      HILLEL DEUTSCH
                      Assistant Attorney General of Counsel
                      NYS Office of the Attorney General
                      144 Exchange Boulevard, Suite 200
                      Rochester, New York 14614
                      Telephone:  (585) 546-7430
                      Hillel.Deutsch@ag.ny.gov

## CERTIFICATE OF SERVICE

I certify that on April 20, 2018, I electronically filed the foregoing Reply Memorandum of Law with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

1. None

And, I hereby certify that I have mailed, by the United States Postal Service, a copy of the document to the following non-CM/ECF participant(s):

1. Carlos Abreu, #99-A-3027
   Marcy Correctional Facility
   9000 Old River Road
   PO Box 3600
   Marcy, NY 13403

        ERIC T. SCHNEIDERMAN
        Attorney General of the State of New York
        Attorney for Served Defendants

        s/Hillel Deutsch_____
        HILLEL DEUTSCH
        Assistant Attorney General of Counsel
        NYS Office of the Attorney General
        144 Exchange Boulevard, Suite 200
        Rochester, New York 14614
        Telephone: (585) 546-7430
        Hillel.deutsch@ag.ny.gov