UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARLOS ABREU,

                Plaintiff,

v.

KEVIN J. BROWN, ET AL.,

                Defendants.
_____

**DECISION AND ORDER**

6:14-CV-06599 EAW

## **INTRODUCTION**

Plaintiff Carlos Abreu ("Plaintiff"), *pro se* and currently incarcerated at Marcy Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983, alleging constitutional violations arising out of his incarceration at Wende Correctional Facility, Sullivan Correctional Facility, and Great Meadow Correctional Facility. (Dkt. 1). When initially screening the complaint, this Court granted Plaintiff—who has accumulated "three strikes" under 28 U.S.C. § 1915(g)—leave to proceed *in forma pauperis* ("IFP") on the grounds that he had adequately alleged that he was under imminent danger of serious physical injury. (Dkt. 21).

Presently before the Court is Defendants' motion to revoke Plaintiff's IFP status, in which they argue that Plaintiff is not entitled to the imminent danger exception to the three strikes rule. (Dkt. 61). In support of their motion, Defendants rely on the declaration of Great Meadow Correctional Facility's Chief Medical Officer, Dr. David Karandy, Plaintiff's medical records, and Plaintiff's disciplinary history. (Dkt. 61-1; Dkt. 61-2). For

- 1 -

the reasons set forth below, the Court grants Defendants' motion and revokes Plaintiff's IFP status.

## DISCUSSION

### I. Three Strikes Rule and Imminent Danger Exception

A party commencing a civil action in this Court ordinarily must pay a $350.00 filing fee, as well as a $50.00 administrative fee.[1] *See* 28 U.S.C. § 1914. Of course, the Court may grant a party leave to proceed IFP if it determines that the party is unable to pay the filing fee. *See id.* § 1915. Not all litigants may be granted leave to proceed IFP. As set forth in 28 U.S.C. § 1915(g), the "three strikes" provision prevents prisoners from proceeding IFP if they have brought three or more lawsuits that have been dismissed as frivolous or for failure to state a claim:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1] Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee of $50.00 to the cost of filing a civil lawsuit in district court. *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, *available at* <http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us>.

Thus, under that statute, a prisoner with three strikes may proceed IFP only if he can show that he is "under imminent danger of serious physical injury." *Id.* "An imminent danger is not one that has dissipated by the time a complaint is filed; rather it must be one existing at the time the complaint is filed." *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) (internal quotation marks and citation omitted).

The Second Circuit has instructed that, when determining whether a prisoner has shown an imminent danger, a court should "not make an overly detailed inquiry into whether the allegations qualify for the exception, because § 1915(g) concerns only a threshold procedural question." *Id.* (internal quotation marks omitted). That instruction suggests that a court should consider only the allegations in the complaint when considering whether the imminent danger applies, although the Second Circuit has not specifically limited the imminent danger review to the four corners of the complaint. *See id.*; *see also Abreu v. Lira*, No. 9:12-CV-1385 (NAM/DEP), 2014 WL 4966911, at *2 (N.D.N.Y. Sept. 30, 2014), *adopting report and recommendation*, 9:12-CV-1385 (NAM/DEP) (N.D.N.Y. Apr. 11, 2014).

But several courts in this Circuit—including some in cases involving Plaintiff—have revoked the IFP status of a three-strikes litigant when the defendant challenges the court's preliminary finding that the litigant is entitled to the imminent danger exception, using evidence outside the four corners of the complaint to refute that preliminary finding. *See Tafari v. Baker*, No. 6:16-cv-06427(MAT), 2017 WL 1406274, at *2 (W.D.N.Y. Apr. 20, 2017) (collecting cases); *Bernier v. Koenigsmann*, No. 15-CV-209A, 2017 WL 603217, at *4 (W.D.N.Y. Feb. 15, 2017) ("Although courts assessing imminent danger should not

- 3 -

make an overly detailed inquiry, they are allowed to look at information outside the four corners of a complaint."); *Green v. Venettozzi*, No. 14-CV-1215 (BKS/CFH), 2016 WL 6902545, at *3 (N.D.N.Y. Oct. 31, 2016) ("To refute a preliminary finding with facts that satisfy the imminent danger exception, the Court may look outside the four corners of the complaint."), *report and recommendation adopted*, No. 9:14-CV-1215 (BKS/CFH), 2016 WL 6902180 (N.D.N.Y. Nov. 23, 2016); *Abreu v. Lira*, 2014 WL 4966911, at *2 ("In reviewing the issues surrounding plaintiff's claim that at the time he filed the complaint, he was facing imminent danger of serious physical injury, the Court agrees . . . that it is appropriate for the Court to review evidence outside the allegations of the complaint upon defendants' challenge to plaintiff's IFP status."); *Jackson v. Jin*, No. 12-CV-6445-FPG, 2014 WL 1323211, at *1 (W.D.N.Y. Mar. 31, 2014) ("In determining whether the imminent danger exception applies, the Court may consider more recent medical evidence."). Some circuit courts have reached the same result. *See Stine v. U.S. Fed. Bureau of Prisons*, 465 F. App'x 790, 794 n.4 (10th Cir. 2012) ("[A]fter a district court provisionally grants IFP on the basis of a showing of imminent danger, the defendants are permitted to mount a facial challenge, based on full development of the facts, to the district court's provisional determination on the face of the complaint that the prisoner satisfies the imminent danger element." (internal quotation marks and alteration omitted)); *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010) ("[W]hen a defendant contests a plaintiff's claims of imminent danger, a court must act to resolve the conflict. A contrary conclusion would mean that a three-strikes plaintiff could proceed IFP whenever his allegations of imminent danger were facially plausible, even if the defendant had incontrovertible proof

that rebutted those allegations."); *Gibbs v. Roman*, 116 F.3d 83, 86 (3d Cir. 1997) ("If the defendant, after service, challenges the allegations of imminent danger . . . , the district court must then determine whether the plaintiff's allegation of imminent danger is credible . . . in order for the plaintiff to proceed on the merits [IFP]."), *overruled on other grounds by Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001).

The Court agrees with those courts that it may look beyond the complaint when considering a defendant's challenge to the preliminary finding that a three-strikes litigant is entitled to the imminent danger exception. The court in *Abreu v. Lira* persuasively distinguished the Second Circuit's instruction in *Chavis*, set forth above, in the following way:

> [T]he Second Circuit's suggestion in *Chavis* that courts should restrict their attention to the four corners of a complaint in connection with an imminent-danger inquiry applies only to the court's initial review of the complaint. The Second Circuit was not asked in *Chavis* to consider how a court should approach a defendant's subsequent challenge to an imminent-danger finding, nor was it asked to analyze evidence adduced after the complaint was filed that may refute a court's initial finding that the complaint plausibly alleged facts suggesting plaintiff was in imminent danger of a serious physical injury at the time the action was commenced.

*Abreu v. Lira*, 2014 WL 4966911, at *7. Accordingly, like those courts cited above, the Court will consider the evidence that Defendants have offered—consisting of the declaration of Great Meadow Correctional Facility's Chief Medical Officer, Dr. David Karandy, Plaintiff's medical records, and Plaintiff's disciplinary history—in order to determine whether the Court should revoke its preliminary finding that the imminent danger exception applies.

## II.  Plaintiff's IFP Status is Revoked

The Court previously determined that Plaintiff is a three-strikes litigant because at least three of Plaintiff's prior actions or appeals have been dismissed as frivolous or for failure to state a claim. (Dkt. 21 at 3-4). Plaintiff's three strikes include the following: (1) *Abreu v. Disability Advocates, Inc.*, No. 1:09-CV-06306-LAP (S.D.N.Y. July 15, 2009) (dismissing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); (2) *Abreu v. Disability Advocates, Inc.*, No. 09-CV-3268, Mandate (2d Cir. Oct. 30, 2009) (dismissing appeal because it lacked an arguable basis in law or fact); (3) *Abreu v. Supreme Court of Bronx County*, No. 1:10-CV-01310-LAP, Judgment (S.D.N.Y. Feb. 18, 2010) (dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); and (4) *Abreu v. Supreme Court of Bronx County*, No. 10-1130 (2d Cir. Aug. 11, 2010) (dismissing appeal because it lacked an arguable basis in law or fact).

Plaintiff's complaint suggested that, at the time of filing on October 20, 2014, he suffered numerous medical conditions that were not properly treated at Wende (where he was housed at the time of filing), including a positive tuberculosis diagnosis, rectal pain and bleeding, a healing right hand fracture following surgery, severe back pain, and other medical conditions. (Dkt. 21 at 4). Based on those allegations, the Court concluded that the imminent danger exception applied and that Plaintiff was entitled to proceed IFP. (*Id.* at 5).

Yet the medical evidence that Defendants submitted negates Plaintiff's allegations of an imminent danger of serious physical injury. As an initial matter, because of previous incidents where Plaintiff exposed himself to nurses, Plaintiff was required to wear an

"exposer suit" that would prevent him from doing so. (*See* Dkt. 61-1 at 3, 17). Plaintiff refused to wear the exposer suit; as a result, he was deemed to have refused medications. (*See id.*). As to his allegation that he suffered from tuberculosis and was not being treated, Plaintiff had no signs or symptoms of tuberculosis, and he was prescribed—yet refused—prophylactic tuberculosis medication on October 3, 9, 10, 13, 15, 17, 18, and 20, 2014. (*Id.* at 8, 13-19). After he filed the instant complaint, he refused his medication and sick call on October 22, 23, 25, and 27, 2014. (*Id.* at 2, 11-12). According to Dr. Karandy, "Plaintiff's life was not in danger as a result of these refusals." (*Id.* at 3). As to his allegations of back pain and rectal pain and bleeding, a review of Plaintiff's medical records from September through October 2014 reveals that he never complained of those symptoms. (*See id.* at 4, 11-28). As to his allegation of a fracture in his right hand, Plaintiff did complain of right hand pain, for which he was seen on multiple occasions and prescribed occupational and physical therapy. (*Id.* at 4, 12, 20, 21). As to his complaints of dry skin and gastrointestinal problems, Plaintiff was provided creams, ointments, stool softeners, and other related medications. (*Id.* at 4, 22, 24). Considering the medical records summarized above, Plaintiff was not suffering from a condition that placed him in imminent danger of serious physical injury when he filed his complaint.

In opposition to Defendants' motion, Plaintiff fails to refute the medical records or supply evidence of his own to substantiate the allegations of imminent danger. (*See* Dkt. 67). Instead, he argues that he does not have three strikes. (*See, e.g.*, Dkt. 67 at ¶ 5). As summarized above, that claim is false; Plaintiff accumulated three strikes before filing this lawsuit. He also summarizes his claims, recounts incidents that occurred at other

correctional facilities, disparages defense counsel and Dr. Karandy, and contends that other courts have granted him leave to proceed IFP in several other cases based on a finding that the imminent danger exception applied. (*See generally id.*). However, none of those allegations or circumstances are relevant to the issue presently before the Court. Plaintiff also argues that the Court should not conduct a searching inquiry to determine whether the imminent danger exception applies, per the Second Circuit's instruction in *Chavis*. (*See, e.g., id.* at 8). But, as discussed above, *Chavis* did not address the situation present here: a defendant's challenge to the preliminary finding that the imminent danger exception applied. Accordingly, the Court finds none of the arguments or allegations set forth in Plaintiff's opposition persuasive.

## CONCLUSION

For the foregoing reasons, the Court finds that the evidence that Defendants have offered—consisting of the declaration of Great Meadow Correctional Facility's Chief Medical Officer, Dr. David Karandy, Plaintiff's medical records, and Plaintiff's disciplinary history—demonstrates the incorrectness of the Court's preliminary finding that Plaintiff was in imminent danger of serious physical injury at the time he filed his complaint. Accordingly, the Court grants Defendants' motion to revoke Plaintiff's IFP status. (Dkt. 61). The Court orders Plaintiff to pay the $400 filing fee, with credit for any amounts previously collected from his prison account, within 30 days of the date of this Decision and Order. If Plaintiff fails to pay the filing fee, the Clerk of Court is directed to dismiss his complaint with prejudice without further order of the Court.

- 9 -

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: July 6, 2018
       Rochester, New York